IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHAM RAMOS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-2936 |
| JOHN BEDDEN | : | |
| and | : | |
| CARRIE BEDDEN | : | |

**NORMA L. SHAPIRO, J.**                                                      **MARCH 23, 2015**

## MEMORANDUM

Before the court are plaintiff Abraham Ramos's ("Ramos's") Motion for Sanctions for Failure to Deliver Settlement Funds (paper no. 24) and defendants John Bedden and Carrie Bedden's Reply in Opposition to Plaintiff's Motion for Sanctions for Failure to Deliver Settlement Funds (paper no. 25). Because the court lacks jurisdiction to enforce the parties' settlement agreement, plaintiff's and defendants' motions are denied without prejudice.

### I.   BACKGROUND

While operating a motor vehicle owned by defendant Carrie Bedden on the morning of January 30, 2012, defendant John Bedden, striking plaintiff near the intersection of Luzerne and Front Streets in Philadelphia, caused plaintiff to fall the ground. Plaintiff, who was then a minor, allegedly suffered serious physical injuries.

Plaintiff, by and through his parent and natural guardian, sued defendants for negligence in the Philadelphia County Court of Common Pleas on January 27, 2014; compensatory damages were claimed in excess of $100,000. Complaint, *Ramos v. Bedden*, No. 2610 (Ct. Com. Pl, Phila. Cnty., Jan. 27, 2014). On May 23, 2014, defendants removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Notice of Removal, *Ramos v. Bedden*, No. 14-2936 (E.D. Pa. May 23, 2014).

On August 20, 2014, the court referred this case to arbitration and, at the conclusion of discovery, to Magistrate Judge M. Faith Angell for a settlement conference. On or about

1

November 20, 2014, the parties asked the court and Judge Angell to reschedule the arbitration hearing and settlement conference for dates after January 15, 2015, when plaintiff reached the age of majority.  The court rescheduled the arbitration hearing for January 29, 2015, and Judge Angell rescheduled the settlement conference for February 2, 2015.

On January 28, 2015, plaintiff executed a general release in exchange for $27,500.  In this release, plaintiff agreed to satisfy any liens related to the underlying motor vehicle accident.  General Release, ex. A to Motion for Sanctions for Failure to Deliver Settlement Funds (paper no. 24).  The court canceled the arbitration hearing and Judge Angell canceled the settlement conference.

Defendants have not paid plaintiff the $27,500 settlement funds.  In its March 4, 2015, motion for sanctions for failure to deliver settlement funds (paper no. 24), plaintiff moves for an Order directing defendants to pay the settlement funds, $1,000 in attorney's fees, an undetermined amount of money in filing fees, and interest on the unpaid settlement funds.  Plaintiff also requests the court sanction defense counsel.

In their March 18, 2015, reply in opposition to plaintiff's motion for sanctions for failure to deliver settlement funds (paper no. 25), defendants argue that defendants' payment of settlement funds is conditioned on defendants' receipt of evidence that there are no unsatisfied liens related to the motor vehicle accident.  Defendants move for an Order stating that defendants are permitted to withhold the settlement funds until plaintiff satisfies this condition.

II.     DISCUSSION

A motion to enforce a settlement agreement is a new cause of action that can be brought in federal court only if the court has an independent basis for jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

Federal courts have diversity jurisdiction over a case if, in addition to complete diversity of citizenship, the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Here, the amount in controversy is $27,500.  The court lacks diversity jurisdiction to enforce the settlement agreement.

The court also lacks ancillary jurisdiction to enforce the settlement agreement.  A federal

court may have ancillary jurisdiction to enforce a settlement agreement if it previously issued a dismissal Order obligating the parties to comply with the agreement or expressly retaining jurisdiction to enforce the agreement.  *Kokkonen*, 511 U.S. at 381.  The court may, upon motion, vacate, modify, or strike such an Order for "cause shown" within ninety days.  Local Rule of Civil Procedure 41.1(b).  The court did not issue such an Order.  The court played no role in the parties' settlement negotiations.  The court had merely ordered the parties to engage in a settlement conference with Judge Angell at the close of discovery.

Because the court lacks jurisdiction to enforce the underlying settlement agreement, the parties' motions are denied.

### III.   CONCLUSION

Plaintiff's Motion for Sanctions for Failure to Deliver Settlement Funds (paper no. 24) and defendants' Reply in Opposition to Plaintiff's Motion for Sanctions for Failure to Deliver Settlement Funds (paper no. 25) are denied without prejudice because the court lacks jurisdiction.  An appropriate Order follows.